IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AUGUSTUS HEBREW EVANS, JR.,   :
:
       Plaintiff,          :
:
    v.                 : Civil Action No. 20-1208-RGA
:
CATHERINE MCKAY, et al.,     :
:
       Defendants.     :

---

Augustus Hebrew Evans, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

January 11, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Augustus Hebrew Evans, an inmate at the James T. Vaughn

Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.

(D.I. 1).  Plaintiff appears *pro se* and has paid the filing fee.  Plaintiff filed a Second

Amended Complaint on July 27, 2021, and it is the operative pleading.  (D.I. 44).

Plaintiff seeks injunctive relief.  (D.I. 50).  The Court proceeds to screen the Second

Amended Complaint pursuant to 28 U.S.C. § 1915A(a).[1]

## I.   BACKGROUND

The Second Amended Complaint reinstates all the operative facts of the

Amended Complaint.  (D.I. 44 at 21).  Plaintiff alleges violations of the Eighth

Amendment to the United States Constitution.  The Court's June 30, 2021

Memorandum Opinion discusses in detail the Amended Complaint's allegations which

describes Plaintiff's claims in three stages.  (D.I. 40, 41).  Stage One took place from

April 28, 2018 until January 23, 2019, Stage Two took place from January 23, 2019 until

April 1, 2020, and Stage Three began on April 1, 2020 when Centurion became the new

health care contract provider for the DOC and continued through November 23, 2020.

(D.I. 35 at 16, 17, 21, 22).

All claims raised in Stage One against Defendants Catherine McKay, Joanne

Bampo, Kimberly Long, Perry Phelps, Dana Metzger, and Stacie Hollis were dismissed

as time-barred.  In addition, I dismissed Anthony Jacobs, William Ngwe, Jessica

---

[1] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the
litigant paid the fee all at once or in installments.  *Stringer v. Bureau of Prisons, Federal
Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

1

Johnson, Flora Antangho, Laurie Jones-Mancini, Mary Doyle, and Misty May and all claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and § 1915A(b)(1). Plaintiff was allowed to proceed against Matthew Wofford and Christopher Meon.

While the Second Amended Complaint names as Defendants McKay, Wofford, Meon, Johnson, Bampo, Long, Jacobs, Phelps, and Metzger, it seeks relief from only Medical Defendants McKay, Wofford, and Meon and specifically states that it does not bring any claims against prior named Department of Correction Defendants. (D.I. 44 at 1, 3, 6, 35, 36). The Second Amended Complaint amends the Stage One claim and adds a Stage Four claim. (*Id.* at 13, 21-25) Otherwise, the Second Amended Complaint is almost identical to the Amended Complaint. (*Compare* D.I. 35 at 11-15, 17-22, 24-29, 31 to D.I. 44 at 7-9, 11-12, 14-19, 27-32, 34).

The Stage Four claims begin on November 24, 2020 and continue through July 23, 2021. (D.I. 44 at 21, 25). Stage Four refers to Plaintiff's assessment for surgery by an outside orthopaedic provider, his March 19, 2021 surgery, and post-operative care and medications that Plaintiff did, or did not, receive. (*Id.* at 21-25). Other than referring to a medical administrator statement that "we thought you were faking," the Stage Four claims contain no specific claims against Wofford and Moen. (D.I. 44 at 25). The statement is a reiteration of an allegation in Stage Two that Wofford made the statement on July 15, 2019 in response to Plaintiff's inquiries about medical care, a time-frame other than that of the Stage Four claims. (*Id.* at 17).

## II. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a

2

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.* 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility.  *See Johnson v. City of Shelby*, 574 U.S.10 (2014).  A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim

asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take

note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth;

and (3) when there are well-pleaded factual allegations, assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane

Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when

the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at

679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a

"context-specific task that requires the reviewing court to draw on its judicial experience

and common sense."  *Id.*

## III.   DISCUSSION

The Second Amended Complaint raises claims against McKay, Wofford and

Meon, those being the only Defendants against whom Plaintiff seeks relief.  I previously

found that Plaintiff adequately raised claims against Wofford and Meon as alleged in the

Stages Two and Three of the Amended Complaint.

The Second Amended Complaint somewhat amends the Stage One claims.  To

the extent Plaintiff seeks to reinstate the Stage One claims, as previously discussed in

the June 30, 2021 Memorandum Opinion and Order, all claims are time-barred.  (*See*

D.I. 40 at 8-10; D.I. 41).

4

The Stage Four claim reiterates a claim against Wofford that is raised in Stage Two. Plaintiff has already been allowed to proceed against Wofford on the claims raised in Stages Two and Three.

The Stage Four claims do not contain specific allegations directed towards McKay. (D.I. 44 at 21-25). "A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation and acquiescence, however, must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

The Second Amended Complaint asks, "Did Catherine McKay fail to properly train her employees or are they trained to think a rotator cuff tear is faked!?" (D.I. 44 at 25). In the prayer for relief, Plaintiff states (viewing what is written in the light most favorably to Plaintiff) that he wrote to McKay "after the 3rd MRI was denied," and she did not respond. (*Id*. at 35). The time frame for this communication is rather vague, but it appears to have been some time before October 2018. (*Id*. at 11). It may be that any claim based on this fact is time-barred. (*See* D.I. 40 at 8). Plaintiff concludes that McKay was aware of the delay and inadequate medical care he was receiving, and that McKay established the policies, customs, and practices of her employees in carrying out Connections' interests. (*Id*. at 35).

The only thing that is an alleged fact is that Plaintiff sent McKay a communication that he was getting inadequate treatment and McKay did not respond. This, however,

5

does not state a claim.  Plaintiff does not identify any policy nor is it plausible that there is a policy of treating rotator cuff injuries as faked injuries.  Plaintiff alleges that medical staff, not McKay, provided him improper treatment which leaves only vicarious liability or liability based upon McKay's supervisory status.  Those options are not available for a § 1983 claim, and, thus, Plaintiff does not state a claim against McKay.

Accordingly, the claim against McKay will be dismissed for failure to state a claim upon which relief may be granted.  Plaintiff will be given one final opportunity to amend the claim against McKay.

Plaintiff will be allowed to proceed against Wofford and Meon.  All other Defendants will be dismissed.

## IV.   INJUNCTIVE RELIEF

Plaintiff seeks a preliminary injunction to compel Defendants to provide adequate post-operative medical care "for right shoulder and pre-existing back spasms and debilitating pains." (D.I. 50 at 1).  The motion is directed towards Warden Robert May, Medical Administrator Anthony Jacobs, and Nurse Practitioner William Ngwe, none of whom remain as defendants in this action. (*Id.* at 2).

To the extent that Plaintiff seeks to enjoin nonparties to this litigation, "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought." *Elliott v. Kiesewetter*, 98 F.3d 47, 56 n.5 (3d Cir. 1996).  Plaintiff submitted an affidavit and medical records to support his motion. (D.I. 51, 52).  Upon review, I find there is no factual basis for the issuance of injunctive relief against May, Jacobs, and

Ngwe.   Nor has Plaintiff demonstrated irreparable harm or the likelihood of success on the merits.   Therefore, I will deny Plaintiff's motion for injunctive relief.

## V.   CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for injunctive relief (D.I. 50); and (2) dismiss Defendants McKay, Bampo, Long, Johnson, Jacobs, Phelps and Metzger, and all claims against them pursuant to 28 U.S.C. § 1915A(b)(1); (3) give Plaintiff leave to amend the claim against McKay; and (4) allow Plaintiff to proceed against Wofford and Meon.

An appropriate Order will be entered.