IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUGUSTUS HEBREW EVANS, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 20-1208-RGA |
| CATHERINE MCKAY, et al., | : |
| Defendants. | : |

**MEMORANDUM**

1. **Introduction.** Plaintiff Augustus Hebrew Evans, Jr., an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). Plaintiff appears *pro se* and has paid the filing fee. He has filed two motions for injunctive relief. (D.I. 64, 69). He also requests a hearing and counsel. (D.I. 75, 76, 81, 82). The Court ordered the JTVCC Warden to respond to the first motion for injunctive relief.

2. **Motion for Injunctive Relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison

1

context must be viewed with considerable caution.  *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3.  **Discussion**.  This case raises medical needs claims against the remaining defendants Catherine McKay, Matthew Wofford, and Christopher Moen, none of whom have been served.  Plaintiff's first motion for injunctive relief (D.I. 64) seeks medical care and his second motion for injunctive relief (D.I. 69) demands injunctive relief on the grounds that party and non-party litigants failed to timely respond or request an extension of time to respond to the motion.

4.  In opposition to Plaintiff's motion, Warden May produced Plaintiff's medical records that indicate Plaintiff received, and continues to receive, adequate medical care, albeit not to Plaintiff's liking.  (*See* D.I. 68 at Exs. A-C).  In light of Plaintiff's medical records, the Court concludes that Plaintiff has not met the requirements for injunctive relief.  Medical care has been provided and Plaintiff continues to receive medical care.  Plaintiff has failed to show a likelihood of success on the merits, and he has failed to demonstrate irreparable harm.  Therefore, the Court will deny the motions.

5.  **Request for Counsel**.  Plaintiff asks that counsel be recruited for his injunction motion (D.I. 75), and he seeks limited recruitment of counsel to serve the complaint on the unserved defendants (D.I. 81, 82).  Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel.  Section 1915(e)(1) confers the district court with the power to request that

counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff has not sought *in forma pauperis* status in this case. He paid the filing fee. Therefore, the request will be denied. The Court will order that the three unserved defendants be personally served.

6.  **Request for Hearing**. Plaintiff asks the Court to schedule a hearing so that he may question Defendants and non-party litigants about his medical treatment. (D.I. 76). Plaintiff may employ the Federal Rules of Civil Procedure to obtain discovery.

7.  **Conclusion**. For the above reasons, the Court will: deny the motions for injunctive relief (D.I. 64, 69); (2) deny the requests for counsel (D.I. 75, 81, 82); (3) deny the request for hearing (D.I. 76); and (4) order the personal service of Defendants. A separate order shall issue

          /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

November 7, 2022
Wilmington, Delaware